WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Ester Fuchs,<br>　　　　　Plaintiff,<br>v.<br>University of Arizona,<br>　　　　　Defendant. | CV 10-606 TUC DCB<br><br>**ORDER** |

The Court dismissed this action on December 20, 2010, because the Plaintiff failed to file a Response to a Motion to Dismiss filed by the Defendant on October 10, 2010. (Doc. 11: Order; Doc. 12: Judgment.) On January 21, 2011, she filed a Motion for Reconsideration and requests that her case be reinstated. She complains that she did not receive a copy of the Motion to Dismiss and did not receive a copy of a Court Order sent on October 28, 2010, informing her that she needed to file a Response or, pursuant to Rule 7.21(i) of the Local Rules of Civil Procedure, the matter would be summarily dismissed against her. (Doc. 4: Order.)

When the Court dismissed the action, it was aware that she had not received its Order informing her to file a Response or it would summarily grant the Motion to Dismiss, pursuant to Local Rule 7.21(i), because that Order was returned to the Court as undeliverable and "unable to forward." (Doc. 7.) Thereafter, an Order issued reassigning the case from the Magistrate Judge to this Court (doc. 9), and this Court issued the December 20, 2010, Order dismissing the action and entering Judgment against her. In her Motion to Reconsider, Plaintiff alleges that the only Order she has ever received from the Court was this Order of reassignment, which issued after she failed to appear at a hearing set for her to show cause

why the case should not be dismissed against her for failing to file the requisite forms to consent to the authority of the magistrate judge. (Doc. 5: Order to Show Cause; Doc. 9: Order of Reassignment.)

Plaintiff informs the Court that she is not in violation of Local Rule 83.3(d), which requires her to file a notice of a change of address no later than 14 days before the effective date of the change because her address has not changed; it remains 3529 Camino la Jicarrilla, Tucson AZ, 85712. The Court has checked the service documentation for all the Orders and the Certification of Service for the Motion to Dismiss. Every Order and the Motion to Dismiss were sent to her at this address. According to her, she received the Order of reassignment and the Order and Judgment dismissing the action, but she did not receive the Motion to Dismiss, the Court's Orders informing her of her obligation to file a Response, and the Order setting the hearing regarding the magistrate judge assignment. Regardless of whether her attestations are true or not regarding her receipt of these respective documents, notice has been properly provided to her by both the Court and the Defendants. There is nothing more either can do beyond mailing documents to the address she provided, which has been done in every instance. For this reason, the Court will not reconsider dismissal of the action.

More important, the Court will not reconsider dismissal of the case because it was granted on the merits. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution because the Arizona Board of Regents is considered an arm of the state. *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1349 (1981); *Seminole Tribe of Fla. v. Forida*, 517 U.S. 44, 54 (1996). The Americans with Disabilities Act (ADA) did not abrogate the States' immunity under the Eleventh Amendment for Title I claims of disability discrimination in employment. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 360-61 (2001). No amendment to her Complaint can cure these defects and

1 reinstatement of the action would be pointless.  For this reason, the Court will not reconsider
2 dismissal of the action.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration and Request for Reinstatement (doc. 13) is DENIED.

DATED this 25th day of January, 2011.

David C. Bury
United States District Judge